UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:20-CR-11-REW

UNITED STATES OF AMERICA,                                              PLAINTIFF,

V.                      MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

JOHN ANTHONY MORALES-LOPEZ,                         DEFENDANT.

The defendant previously moved the court for an evaluation to determine whether he was competent to proceed to trial and notice of his intent, pursuant to Rule 12.2, to present evidence at trial of his insanity at the time of the offenses alleged in the indictment. [R. 23]. In response, the United States requested an order requiring that the defendant be evaluated to address the question of his sanity at the time of the alleged offenses. [R. 26]. The Court granted both motions and directed that a custodial evaluation pursuant to 18 U.S.C. §§ 4241 and 4242 be conducted by an evaluator with the Bureau of Prisons to address both issues. [R. 27, 29]. The evaluation occurred, as ordered by the Court, and all parties received the resulting forensic reports issued by licensed BOP forensic psychologist Dr. David M. Szyhowski. In the competency report, Dr. Szhowski opines that Morales-Lopez is competent for trial purposes.

The Court scheduled a competency hearing as required under 18 U.S.C. 4747, to address the issue of current competency. [R. 41]. At the hearing, the parties appeared with counsel, stipulating to admissibility of the Report, to the Report's findings, and to Dr. Szyhowski's qualifications. The parties also waived introduction of other proof and argument in opposition and waived the right to cross-examine the evaluator.

1

Section 4241 provides that for a defendant to be competent, he must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *See Dusky*, 80 S. Ct. at 789; *see also* 18 U.S.C. § 4241(a) (phrasing test as whether defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"); *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (applying the "two-prong" competency test from *Dusky*).

Section 4247(d) governs the hearing and assures certain trial-type rights. These include rights of confrontation, cross-examination, and participation. *See* 18 U.S.C. § 4247(d); *see also* 18 U.S.C.§ 4241(c) (referencing Section 4247(d) for hearing procedure).

Ultimately, per Section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of Section 4241(a). This framework suggests that the defense bears the burden, although the cases are in disagreement on burden allocation. *Compare United States v. Chapple,* No. 94-5048, 1995 WL 6147, at *2 (6th Cir. Jan. 6, 1995) (table) (burden on United States,though without statutory analysis) and *United States v. Salley*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003) (burden on United States) *with United States v. Simmons*, 993 F. Supp. 168, 170 (W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Here, the proof is not disputed, and the Court need not resolve the burden allocation question. *See, e.g.*, *Medina v. California*, 112 S. Ct. 2572, 2579 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where proof is "in equipoise").

With a stipulation as to both the admissibility and substance of the Report, the only proof regarding current competency is the expert analysis of Dr. Szyhowski. In his Report, Dr.

Szyhowski thoroughly analyzed Defendant's history, behavior, course of evaluation, and testing performance. Dr. Szyhowski personally observed Morales-Lopez during direct interview, subjected him to psychological testing, and reviewed supplemental information, including legal and other records, to assist in the evaluation. Dr. Szyhowski and/or the facility screened for any relevant medical issues.

The Report is a comprehensive assessment of Defendant's history, condition, and circumstances. Dr. Szyhowski diagnosed Morales-Lopez as suffering from Antisocial Personality Disorder and Other Specified Depressive Disorder. However, he found no impairment sufficient to impact competency negatively. Specifically, Dr. Szyhowski found that although the Defendant presented with mild symptoms of depression, they were not causing him any functional impairment, and that he does not appear to be suffering from any severe mental disease or defect that has impacted his ability to understand the legal proceedings and to properly assist his counsel. His factual and rational understanding of the case does not appear to be adversely impacted by any symptoms of mental illness, and he has the capacity to work cooperatively with his attorney and to participate in a meaningful manner in his defense.

Dr. Szyhowski applied the *Dusky* standard in determining that Morales-Lopez is competent. The Report's competency opinion stands unrebutted. Defense counsel provided no observations to conflict with the Report's competency conclusion. Further, the Court has not independently observed behavior that conflicts with Dr. Szyhowski's conclusions. Rather, Morales-Lopez's personality is stable and his behaviors are volitional in nature.

The Court finds no evidence to support a conclusion that Defendant is incompetent, and certainly finds nothing that would permit an incompetency finding by a preponderance of the evidence. Indeed, the Court finds that, according to § 4241(a), Defendant is able to understand

the nature and consequences of the proceedings and can assist properly in his defense. Therefore, the Court **RECOMMENDS** that the District Judge find Morales-Lopez competent to face further proceedings, to include trial, in this matter.

The Court issues this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Rule 59(b) requires that specific written objections be filed within fourteen (14) days of service of this Recommended Disposition. Failure to object per Rule 59(b) waives a party's right to review.

This the 14th day of May, 2021.

Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge