UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 7:20-CR-011-REW-EBA |
| v. | ) | |
| | ) | |
| JOHN ANTHONY | ) | ORDER |
| MORALES-LOPEZ *aka* | ) | |
| TALIB AL-YAHYA, | ) | |
| | ) | |
| Defendant. | | |

*** *** *** ***

This matter is before the Court on the Recommended Disposition (DE 42) of United States Magistrate Judge Edward B. Atkins, addressing whether Defendant Morales-Lopez is competent to stand trial pursuant to 18 U.S.C. § 4241. *See* DE 23 (Defendant's Motion); DE 41 (Minute Entry for Competency Hearing).[1] In November of 2020, Defendant moved for an examination of his trial competency and to explore whether he has any mental conditions that might be legally relevant to his charges. DE 23; *see also* Fed. R. Crim. P. 12.2. Judge Atkins granted that motion and Dr. David Szyhowski, a licensed forensic psychologist with the Bureau of Prisons, conducted a custodial evaluation. DE 42. Dr. Szyhowski concluded that Morales-Lopez is competent to stand trial. DE 37 (Sealed Psychiatric Report).

After Dr. Szyhowski's report was filed and made available to the parties, Judge Atkins conducted a competency hearing. DE 41. Upon completion of that hearing, Judge Atkins recommended that the Court find Morales-Lopez competent to proceed, based on Dr. Szyhowski's

---

[1] Defendant also notified the Court of his intent to present evidence at trial of his insanity at the time of the offenses alleged in the indictment, prompting evaluation at the Government's request per § 4242. DE 23 (Motion); DE 42 (Report and Recommendation).

1

psychiatric evaluation (DE 37) and Defendant's and his counsel's representations at the hearing (*see* DE 41). *See* DE 42 at 3-4; § 4241. The recommendation, filed on May 14, 2021, advised the parties that any objections must be filed within fourteen (14) days of its entry. *Id.* at 4. This period has lapsed, and neither party has objected. Judge Atkins correctly stated the standard and questions presented, and he followed the proper procedures under § 4241.

This Court reviews *de novo* those portions of the Recommended Disposition to which a party objects. 28 U.S.C. § 636(b)(1). But, the Court is not required to "review . . . a magistrate[] [judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985). Where the parties do not object to the magistrate judge's recommendation, they waive any right to review. *See* Fed. R. Civ. P 59; *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017) ("When a party . . . fails to lodge a specific objection to a particular aspect of a magistrate judge's report and recommendation, we consider that issue forfeited on appeal."); *see also United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008) (noting that "[t]he law in this Circuit is clear" that a party who fails to object to a magistrate judge's recommendation forfeits his right to appeal its adoption).

The Court has assessed the full record and Judge Atkins's thorough recommendation. His recommendation relies significantly on Dr. Szyhowski's report. That detailed report applied the *Dusky* and statutory standard faithfully, finding that Morales-Lopez's "competency related abilities do not appear to be compromised by a severe mental disease or defect." DE 37 at 12. The expert founded this on a series of recognized tests, personal interviews with Defendant, audit of Defendant's history, independent staff observations, and a lengthy evaluation period. Significant corroborating opinions appear at DE 37 pages 6 (functioning without "problematic psychological symptomology"); 7 ("[H]e generally presented as unremarkable[.]"); 8-9 (applying all *Dusky*

elements and making positive findings on factual understanding, rational understanding, and ability to understand and confer with counsel). In sum, "[Defendant] appears to possess sufficient competency related functional ability for continuation of criminal proceedings." *Id.* at 10. The defense stipulated to the report and to its conclusions. Judge Atkins perceived no contrary information. The lone supported conclusion under the statute is competency. Judge Atkins recommended this conclusion, without objection or contravention. The Court agrees.

Accordingly, the Court **ADOPTS** the Recommended Disposition (DE 42) and **FINDS** Morales-Lopez competent to face further proceedings in this matter, including trial.

This the 3rd day of June, 2021.

Signed By:
*Robert E. Wier* REW
United States District Judge